IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

| | |
|---|---|
| CHRISTOPHER LEE AMERSON, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-31 |
| v. | |
| SHERRY BLAND; and GAIL WEST, in their individual and official capacities, | |
| Defendants. | |

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff has filed various motions and filings asking the Court to enter default and default judgment against Defendants and strike Defendants' responsive pleadings. Docs. 27, 32, 33, 35-1. Plaintiff also asks the Court to appoint counsel to represent him, doc. 36, and to rule on his various filings, doc. 37. For the reasons laid out below, I **RECOMMEND** the Court **DENY** Plaintiff's requests for the Court to enter default and default judgment against Defendants and to strike Defendants' responsive pleadings. Docs. 27, 32, 33, 35-1. The Court **DENIES** Plaintiff's Motion for Appointment of Counsel and **DENIES as moot** Plaintiff's Motion for Ruling. Docs. 36, 37. Plaintiff has also filed a Motion for Extension of Deadline to cure a signature defect in his Motion for Ruling. Upon review, the Court **DENIES as moot** Plaintiff's Motion for Extension of Deadline. Doc. 40.

## BACKGROUND

Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging Defendants Bland and West, in their positions as clerks, failed to process and file his pleadings in Tattnall County

Superior Court.  Docs. 1, 18.  Plaintiff was granted permission to proceed *in forma pauperis*, doc. 4, and on February 11, 2020, after conducting a frivolity screening pursuant to 28 U.S.C. § 1915A, this Court ordered service of the Complaint and supplementary Complaint, docs. 1, 18, upon Defendants Bland and West by the United States Marshal.  Doc. 25.

On February 27, 2020, the Marshal filed the waiver of the service of summons for Defendants Bland and West.  Doc. 26 at 3.  According to the Marshal's notes on service, the waiver forms were served by certified mail on February 12, 2020, and returned to the Marshal on February 27, 2020.  Id. at 1–2.  The waiver of the service of summons was signed by the attorney for Defendants Bland and West on February 20, 2020, and specifically stated:

> I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from 02/12/2020, the date when this request was sent .
> . . . If I fail to do so, a default judgment will be entered against me, or the entity I represent.

Id. at 3.

On April 2, 2020, Defendants Bland and West filed their Answers in this case.  Docs. 29, 30.  Attached to Defendants' Answers were certificates indicating service by mail upon Plaintiff at his Glennville, Georgia address.  Doc. 29 at 11; Doc. 30 at 11.  Plaintiff now claims Defendants are in default, and he has filed a number of motions and filings with the Court seeking the entry of default and default judgment in this case, as well as the striking of Defendants' responses.

## DISCUSSION

**I.   Plaintiff's Motions for Entry of Default, Default Judgment, and Striking of Responsive Pleadings**

Pursuant to Rules 12 and 55 of the Federal Rules of Civil Procedure, Plaintiff seeks the entry of default, default judgment, and the striking of Defendants' responsive pleadings.  Docs.

27, 32, 33, 35-1. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure provides: "A defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent." Fed. R. Civ. P. 12(a)(1)(A). As outlined herein, Defendants timely served their Answers and, thus, complied with Rule 12.

First, Defendants Bland and West timely waived service. Under Rule 4(d)(1) of the Federal Rules of Civil Procedure, a "plaintiff may notify . . . a defendant that an action has been commenced and request that the defendant waive service of a summons." Fed. R. Civ. P. 4(d)(1). "The notice and request must . . . give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver." Fed. R. Civ. P. 4(d)(1)(F). In this case, the notice of a lawsuit and request to waive service of a summons provided Defendants 30 days in which to return their waivers. Doc. 25-2 at 1, 3. The waiver forms were mailed to Defendants Bland and West on February 12, 2020, and their executed waivers were returned on February 27, 2020, well within the 30 days provided. Doc. 26.

Rule 4 also provides: "A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent." Fed. R. Civ. P. 4(d)(3). Here, after timely returning their waiver, Defendants Bland and West filed their Answers on April 2, 2020, docs. 29, 30, well within 60 days of when the waiver requests were sent to them. The certificates of service attached to Defendants' Answers indicate Defendants' counsel also served the Answers upon Plaintiff at his Glennville, Georgia address on April 2, 2020 through the U.S. Mail. Doc. 29 at 11; Doc. 30 at 11. Accordingly, the Court finds Defendants Bland and West timely served and filed their Answers, as required under Rules 5 and 12 of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 5(d) ("Any paper after the

complaint that is required to be served must be filed no later than a reasonable time after service."); Fed. R. Civ. P. 12(a)(1)(A) (outlining time for service of answer).

As Defendants Bland and West have actively defended this lawsuit by timely filing their Answers, docs. 29, 30, they are not in default.  See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.").   To the extent Plaintiff claims he never received Defendants' Answers, doc. 35-1 at 2–3, at least one court in this Circuit has stated "there is no authority by which the Court can enter default judgment against Defendants for their failure to serve documents to Plaintiff."  Lavalle v. One Buckhead Loop Condo. Ass'n, No. 1:08-CV-3678, 2009 WL 10711921, at *6 (N.D. Ga. Mar. 20, 2009), *adopted by* 2009 WL 10711939 (N.D. Ga. Apr. 8, 2009).

Moreover, it has long been held that "[t]he entry of judgment by default is a drastic remedy which should be used only in extreme situations."   Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).   Plaintiff's failure to receive the Answers in this case does not amount to such an extreme situation.   As stated above, the Answers were timely filed with this Court, and the certificates of service filed with Defendants' Answers indicate service was timely made on Plaintiff on April 2, 2020.   Doc. 29 at 11; Doc. 30 at 11.   For these reasons, I **RECOMMEND** the Court **DENY** Plaintiff's request for the Court to enter default and default judgment against Defendants Bland and West, as well as his request for the Court to strike Defendants' responsive pleadings.   Docs. 27, 32, 33, 35-1.

## II.     Plaintiff's Motion for Appointment of Counsel

Plaintiff also moves this Court for appointment of counsel.   Doc. 36.   Plaintiff has no constitutional right to the appointment of counsel in this case.   Wright v. Langford, 562

F. App'x 769, 777 (11th Cir. 2014) (citing Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999)). "Although a court may, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff, it has broad discretion in making this decision, and should appoint counsel only in exceptional circumstances." Id. (citing Bass, 170 F.3d at 1320). Appointment of counsel in a civil case is a "privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990) (citing Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987); Wahl v. McIver, 773 F.2d at 1174).

The Eleventh Circuit Court of Appeals has explained that "the key" to assessing whether counsel should be appointed "is whether the *pro se* litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help." McDaniels v. Lee, 405 F. App'x 456, 457 (11th Cir. 2010) (quoting Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)).

The Court has reviewed the record and pleadings in this case and finds no "exceptional circumstances" warranting the appointment of counsel. While the Court understands that Plaintiff is incarcerated, this Court has repeatedly found that "prisoners do not receive special consideration notwithstanding the challenges of litigating a case while incarcerated." Hampton v. Peeples, No. CV 614-104, 2015 WL 4112435, at *2 (S.D. Ga. July 7, 2015). This case is not so complex legally or factually to prevent Plaintiff from presenting "the essential merits of his

position" to the Court.  For these reasons, I **DENY** Plaintiff's Motion for Appointment of Counsel, doc. 36.

### III.    Plaintiff's Motion for Ruling

Plaintiff also filed a Motion for Ruling, requesting the Court to rule on his pending motions and filings.  Doc. 37.  As all motions and filings raised in his Motion for Ruling have been addressed in this Order, <u>see</u> docs. 27, 32, 33, 35-1, 36, the Court **DENIES as moot** Plaintiff's Motion for Ruling.

### IV.    Plaintiff's Motion for Extension of Deadline

Plaintiff has filed a Motion for Extension of Deadline, doc. 40, seeking additional time to address the filing deficiencies raised in the Clerk's May 28, 2020 Notice of Filing Deficiency, doc. 38.  This Notice informed Plaintiff that his Motion for Ruling, doc. 37, was deficient due to it not being signed by Plaintiff.  Doc. 38.  Upon review of Plaintiff's Motion for Extension of Deadline and his Motion for Ruling, the Court finds that Plaintiff did sign the Motion for Ruling. Doc. 37 at 2.[1]  Accordingly, the Court finds the signature on his Motion for Ruling was not deficient and **DENIES as moot** Plaintiff's request for additional time in which to correct the signature.

## CONCLUSION

As Defendants Bland and West timely filed an Answer in this case on April 2, 2020, the Court does not find that these Defendants are in default.  Accordingly, I **RECOMMEND** the Court **DENY** Plaintiff's Motions and other filings asking the Court to enter default and default judgment against Defendants and to strike Defendants' responsive pleadings.  Docs. 27, 32, 33, 35-1.  The Court **DENIES** Plaintiff's Motion for Appointment of Counsel, doc. 36.

---

[1]  It appears that, while Plaintiff signed the Motion for Ruling, his sister, Joyce Amerson, signed the attached certificates of service.  Doc. 37 at 3–4.

Additionally, the Court **DENIES as moot** Plaintiff's Motion for Ruling on his pending motions and filings, doc. 37, as all motions and filings he sought rulings for have been addressed herein. The Court **DENIES as moot** Plaintiff's Motion for Extension of Deadline, doc. 40.

Any party seeking to object to the above Report and Recommendation shall file specific written objections within 14 days of the date on which this Report and Recommendation is entered.  See 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2).   Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).   A copy of the objections must be served upon all other parties to the action.   The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.   Furthermore, it is not necessary for a party to repeat legal arguments in objections.   The parties are advised that failure to timely file objections will result in the waiver of rights on appeal.   11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 6th day of July, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA