**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

FILED
John E. Triplett, Acting Clerk
United States District Court

*By CAsbell at 11:03 am, Nov 23, 2020*

CHRISTOPHER LEE AMERSON,

       Plaintiff,

     v.

SHERRY BLAND; and GAIL WEST, in their
individual and official capacities,

       Defendants.

CIVIL ACTION NO.: 6:19-cv-31

## ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Telfair State Prison in McRae-Helena, Georgia, filed this action on April 18, 2019, under 42 U.S.C. § 1983,[1] alleging Defendants Bland and West, in their positions as clerks, failed to process and file his pleadings in Tattnall County Superior Court.   Docs. 1, 18.   Plaintiff was granted permission to proceed *in forma pauperis*, doc. 4, and on February 11, 2020, after conducting a frivolity screening pursuant to 28 U.S.C. § 1915A, this Court ordered service of the Complaint and supplemental Complaint, docs. 1, 18, upon Defendants Bland and West by the United States Marshal.   Doc. 25.   For the reasons which follow, I **VACATE** the Order granting Plaintiff's Motion to Proceed *in Forma Pauperis* and the Order denying the same as moot, docs. 4, 16, **VACATE** the Order outlining the setting aside and remittance of funds to the Court, doc. 17, and **DENY** Plaintiff's Motions to Proceed *in Forma Pauperis*, docs. 2, 15.   For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma*

---

[1]     Plaintiff signed his Complaint on April 12, 2019.   Doc. 1 at 7.

*pauperis* on appeal.[2]   I also **RECOMMEND** the Court **DENY as moot** any and all pending

Motions and requests for relief Plaintiff has filed in this action, docs. 59, 62, 66.

## BACKGROUND

As outlined in his Complaint, Plaintiff has an extensive history of litigating in the federal

courts.   Doc. 1 at 2–4.   While the Court initially granted Plaintiff permission to proceed *in*

*forma pauperis* in this case, it has now reviewed Plaintiff's case history and has identified a

number of cases which were dismissed prior to the filing of the present case.   This Court must

now determine whether Plaintiff's "frequent filer" status bars his ability to proceed *in forma*

*pauperis* in this action.

## DISCUSSION

### I.      Dismissal Under 28 U.S.C. § 1915(g)

"Congress enacted the Prison Litigation Reform Act (PLRA) to 'curtail abusive prisoner

litigation.'   To that end, the PLRA contains procedural safeguards that prevent prisoners from

misusing the legal system."   White v. Lemma, 947 F.3d 1373, 1376 (11th Cir. 2020) (citation

omitted).

---

[2]      A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . .   To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond."   Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted).   A magistrate judge's report and recommendation provides such notice and opportunity to respond.   See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to sua sponte grant summary judgment where a magistrate judge issues a report recommending the sua sponte granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be sua sponte dismissed).   This Report and Recommendation constitutes fair notice to Plaintiff that his lawsuit is due to be dismissed.   As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections.   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

28 U.S.C. § 1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil
> action or proceeding under this section if the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on the grounds that it is
> frivolous, malicious, or fails to state a claim upon which relief may be granted,
> unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   A prisoner seeking to proceed *in forma pauperis* in a civil action against

officers or employees of government entities must comply with this provision of § 1915.   This

section "requires frequent filer prisoners to prepay the entire filing fee before federal courts may

consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998),

*abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007).   "[A] district court must

dismiss a prisoner's claims when the prisoner has three strikes but failed to pay the filing fee

when the suit began." White, 947 F.3d at 1377.

A review of Plaintiff's federal court filings reveals a number of actions which were

dismissed and constitute strikes under § 1915(g):

1) Amerson v. Allen, No. 6:18-cv-62 (S.D. Ga. Mar. 25, 2019), ECF No. 35 (dismissed

for abuse of judicial process and delusional, frivolous allegations);

2) Amerson v. Allen, No. 6:17-cv-156 (S.D. Ga. Mar. 13, 2018), ECF. No. 15, *adopted

by* (S.D. Ga. July 23, 2018), ECF No. 18 (dismissed for abuse of judicial process);[3]

3) Amerson v. Sellers, No. 5:15-cv-08 (M.D. Ga. Sept. 8, 2015), ECF. No. 17 (dismissed

for failure to comply with multiple court orders);[4] and

---

[3]     The dismissals of Plaintiff's actions by this Court for abuse of judicial process in Case Numbers
6:18-cv-62 and 6:17-cv-156 constitute strikes within the meaning of § 1915(g).   See Rivera, 144 F.3d at
731 (finding case dismissed for "abuse of the judicial process" where plaintiff lied about existence of
prior suit counts as a strike under Section 1915(g)); see also Pinson v. Grimes, 391 F. App'x 797, 799
(11th Cir. 2010) (failing to disclose previously filed cases properly results in strike).

[4]     Dismissals for failure to follow a court order constitute strikes under § 1915(g).   See Fredrick v.

4) <u>Amerson v. Hall</u>, No. 5:07-cv-148 (M.D. Ga. Jan. 29, 2008), ECF No. 24, *adopted by* (M.D. Ga. Mar. 4, 2008), ECF No. 29 (dismissed for failure to exhaust available administrative remedies under 28 U.S.C. § 1997e(a)).[5]

Consequently, Plaintiff cannot proceed *in forma pauperis* in this action unless he can demonstrate he meets the "imminent danger of serious physical injury" exception to § 1915(g). Plaintiff fails to allege anything in his Complaint or his supplemental Complaint indicating he is in imminent danger of serious physical injury.   Docs. 1, 18.   As a result, his status as a "three-striker" precludes him from proceeding *in forma pauperis* in this case.

Accordingly, I **VACATE** the Order granting Plaintiff's Motion to Proceed *in Forma Pauperis* and the Order denying the same as moot, docs. 4, 16, **VACATE** the Order outlining the setting aside and remittance of funds to the Court, doc. 17, and **DENY** Plaintiff's Motions to Proceed *in Forma Pauperis*, docs. 2, 15.   For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.   I also **RECOMMEND** the Court **DENY as moot** any and all pending Motions and requests for relief Plaintiff has filed in this action, docs. 59, 62, 66.

---

Camden Cnty. Sheriff's Office, No. 2:20-cv-41, 2020 WL 3643130, at *2–3, n.2 (S.D. Ga. July 6, 2020), *adopted by* 2020 WL 4288407 (S.D. Ga. July 27, 2020) ("[D]ismissals for failing to follow court orders or for abusing the judicial process are also considered strikes."); <u>see also</u> <u>Mitchell v. Emanuel Probation</u>, 6:18-cv-43, 2018 WL 2448451, at *3 (S.D. Ga. May 31, 2018) ("[D]ismissals for providing false filing-history information and failing to comply with court orders both fall under the category of 'abuse of the judicial process,' which the Eleventh Circuit Court of Appeals has held to be a 'strike-worthy' form of dismissal under § 1915(g)."); <u>Shaw v. Toole</u>, No. 6:14-cv-112, 2015 WL 4756741, at *6 (S.D. Ga. Aug. 11, 2015) (counting dismissals for failure to follow court order as strikes under § 1915(g)).

[5]       The dismissal of a Complaint for failure to exhaust administrative remedies also constitutes a strike within the meaning of Section 1915(g).   <u>White</u>, 947 F.3d at 1379 ("[Plaintiff's case] was dismissed for failure to exhaust administrative remedies, which counts as a strike under our precedent.").

## II.    Leave to Appeal *In Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[6]   Though Plaintiff has not yet filed a notice of appeal, it is appropriate to address this issue in the Court's order of dismissal.   See Fed. R. App. P. 24(a)(3) (providing trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith.   28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).   Good faith in this context must be judged by an objective standard.   Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).   A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962).   A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.   Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).   An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."   Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.   Moreover, as a "three-striker" Plaintiff is not only barred from filing a civil action *in forma pauperis*, he is also barred from filing an appeal *in forma pauperis* while he is a prisoner.   Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

---

[6]    A certificate of appealability is not required in this Section 1983 action.

## CONCLUSION

For the foregoing reasons, I **VACATE** the Order granting Plaintiff's Motion to Proceed *in Forma Pauperis* and the Order denying the same as moot, docs. 4, 16, **VACATE** the Order outlining the setting aside and remittance of funds to the Court, doc. 17, and **DENY** Plaintiff's Motions to Proceed *in Forma Pauperis*, docs. 2, 15.   For these same reasons, I **RECOMMEND** the Court **DISMISS without prejudice** Plaintiff's Complaint, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.   I also **RECOMMEND** the Court **DENY as moot** any and all pending Motions and requests for relief Plaintiff has filed in this action, docs. 59, 62, 66.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date.   Objections shall be specific and in writing.   Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions.   28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, 977 F.3d 1185, 1191–92 (11th Cir. 2020).   To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections.   Harrigan, 977 F.3d at 1191–92; 11th Cir. R. 3-1.   A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.   Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United

States Court of Appeals for the Eleventh Circuit.   Appeals may be made only from a final

judgment entered by or at the direction of a District Judge.   The Court **DIRECTS** the Clerk of

Court to serve a copy of this Report and Recommendation upon the Plaintiff and Plaintiff's

current custodian.

       **SO ORDERED** and **REPORTED and RECOMMENDED**, this 23rd day of November,

2020.


                                     _____
                                      BENJAMIN W. CHEESBRO
                                      UNITED STATES MAGISTRATE JUDGE
                                      SOUTHERN DISTRICT OF GEORGIA