IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHRISTOPHER LEE AMERSON,

    Plaintiff,

v.

SHERRY BLAND; and GAIL WEST, in their individual and official capacities,

    Defendants.

CIVIL ACTION NO.: 6:19-cv-31

## O R D E R

The Court has conducted an independent and de novo review of the entire record and concurs with the Magistrate Judge's Report and Recommendation, (doc. 68). Plaintiff filed Objections to this Report and Recommendation, as well as a Motion for Production of Documents, (docs. 72, 73).

The Magistrate Judge recommended the Court dismiss without prejudice Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g) based on his finding Plaintiff is a "three-striker." (Doc. 68, pp. 2–4.) In addition, the Magistrate Judge recommended the Court deny as moot any and all pending Motions and requests for relief Plaintiff filed. (Id. at p. 4.) In his Objections, Plaintiff takes issue with the Magistrate Judge having counted as strikes cases which were dismissed without prejudice. (Doc. 72, p. 1.) In addition, Plaintiff contends he has "suffered" from "clear repeated and continual prejudice" in this Court and cites to instances where he has been granted *in forma pauperis* status, but this Court dismissed his complaints without conducting frivolity review. (Id.) Plaintiff also presents allegations concerning other cases filed in this District and the Northern District of Georgia. (Id. at pp. 2–3.) Plaintiff states any cause of action that was

dismissed based on any reason other than it was frivolous, malicious, or failed to state a claim and without prejudice cannot constitute a strike. (Id. at p. 5.) To this end, Plaintiff attempts to explain why the cases the Magistrate Judge cited in finding Plaintiff a three-striker do not constitute a strike under Section 1915(g). (Id. at pp. 5–7.)

While Plaintiff's Objections largely are responsive to the Report and Recommendation, they ultimately are unavailing. Plaintiff plainly had at least three strikes (i.e., qualifying dismissals) before he filed his Complaint in this action. This Court dismissed Plaintiff's complaint in Amerson v. Allen, 6:18-cv-62, for abuse of the judicial process and for making frivolous allegations. R&R and Ord., Amerson v. Allen, 6:18-cv-62 (S.D. Ga. Jan. 28 and Mar. 29, 2019), ECF Nos. 27, 35.[1] In Amerson v. Hall, the District Court for the Middle District of Georgia dismissed Plaintiff's complaint based on his failure to exhaust his administrative remedies, which is tantamount to failing to state a claim and constitutes a strike. R&R and Ord., Amerson v. Hall, 5:07-cv-148 (M.D. Ga. Jan. 29 & Mar. 4, 2008), ECF Nos. 24, 29; Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) ("A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted."), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199 (2007); see also Solliday v. Fed. Officers, 413 F. App'x 206, 208 (11th Cir. 2011) (same). These dismissals clearly constitute strikes, even under Plaintiff's construction of Section 1915(g).

This Court and the District Court for the Middle District of Georgia have also dismissed two of Plaintiff's previous lawsuits for abuse of judicial process and failure to comply with Court

---

[1] Additionally, the Eleventh Circuit concluded, in a panel decision, Plaintiff's appeal in Case Number 6:18-cv-62 was frivolous. Mand., Amerson v. Allen, (S.D. Ga. Aug. 9, 2019), ECF No. 43 (made the Order of this Court Aug. 9, 2019, ECF No. 44). Ordinarily, the panel decision would constitute an additional strike. However, the mandate in that case did not issue until after Plaintiff filed his Complaint in this case, so the panel decision has not been assessed as a strike in the instant case.

orders. See Amerson v. Allen, 6:17-cv-156 (S.D. Ga. Mar. 13, 2018), ECF. No. 15, *adopted by* (S.D. Ga. July 23, 2018), ECF No. 18 (dismissed for abuse of judicial process); Amerson v. Sellers, 5:15-cv-08 (M.D. Ga. Sept. 8, 2015), ECF. No. 17 (dismissed for failure to comply with multiple court orders). Plaintiff asserts that complaints dismissed for abuse of judicial process and failing to follow a court order do not constitute strikes, but he cites no authority for that proposition. (See Doc. 68, pp. 3–4, nn.3, 4 (discussing that dismissals for abuse of the judicial process and failing to follow court orders count as strikes.)) Moreover, the Eleventh Circuit Court of Appeals has expressly concluded such dismissals should be treated as strikes. Rivera, 144 F.3d at 731.

Finally, contrary to Plaintiff's unsupported assertions, it is immaterial whether a previous dismissal was with or without prejudice when evaluating whether the dismissal counts as a strike under Section 1915(g). See Lomax v. Ortiz-Marquez, 140 S. Ct. 1721, 1727 (2020) ("A dismissal of a suit for failure to state a claim counts as a strike, whether or not with prejudice."). Additionally, a dismissal pursuant to Section 1915(g) is without prejudice and only means a plaintiff can re-file the same complaint but must prepay the requisite filing fee. Plaintiff's generalized claims of prejudice are baseless.

Accordingly, the Court **OVERRULES** Plaintiff's Objections and **ADOPTS** the Magistrate Judge's Report and Recommendation as the opinion of the Court. The Court **DISMISSES without prejudice** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(g), **DENIES as moot** all pending Motions, (docs. 59, 62, 66) including Plaintiff's recently filed Motion for Production of Documents, (doc. 73), **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate

judgment of dismissal, and **DENIES** Plaintiff *in forma pauperis* status on appeal based on his status as a three-striker.

    **SO ORDERED**, this 21st day of December, 2020.

R. STAN BAKER  
UNITED STATES DISTRICT JUDGE  
SOUTHERN DISTRICT OF GEORGIA